101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Eugenio LANFRANCO, Plaintiff-Appellant,
v.
C.O. SURBRA, C.O. Polino; Joseph Wood; Captain John Doe,
Defendants-Appellees.
 No. 95-2823.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 1
 Appearing for Appellant: Eugenio Lanfranco, pro se, Fallsburg, New York
 
 
 2
 Appearing for Appellees: Troy J. Oechsner, Assistant Attorney General, Albany, New York
 
 
 3
 N.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York (Cholakis, Judge ), and was submitted.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 7
 Plaintiff-appellant Eugenio Lanfranco, who is proceeding pro se, appeals from a judgment of the district court denying his motion pursuant to Fed.R.Civ.P. 60(b) to vacate a prior judgment dismissing his complaint.
 
 
 8
 On February 3, 1992, Lanfranco filed an action under 42 U.S.C. § 1983 alleging that correction officials violated his right of access to the courts when they destroyed his legal materials, including the transcript of his criminal trial. According to Lanfranco, he was thereby denied the right to a direct appeal, because he was unable to properly evaluate his lawyer's appeal brief and to file a supplemental pro se brief.
 
 
 9
 On December 28, 1992, the defendants filed a motion for summary judgment. On January 24, 1995, the direct court, adopting the magistrate judge's recommendations, granted the defendants' motion. Lanfranco appealed from the judgment, and we affirmed on October 20, 1995. Nearly two months later, Lanfranco filed a motion to vacate the January 24, 1995 judgment pursuant to Fed.R.Civ.P. 60(b). Lanfranco now appeals the district court's order dated November 6, 1995, denying his motion to vacate.
 
 
 10
 An appeal from an order denying a Rule 60(b) motion calls for review only of the decision to deny the motion, and we therefore do not review the merits of the underlying judgment. Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991). A district court's denial of a Rule 60(b) motion will be reversed only for an abuse of discretion. Id.; Mendell in Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir.1990), aff'd, 5012 U.S. 115 (1991).
 
 
 11
 Lanfranco fails to demonstrate that the district court abused its discretion. Lanfranco's contention that the destruction of the legal documents prevented him from filing post-conviction motions pertaining to counsel effectiveness could have been raised on direct appeal from the summary judgment order. Lanfranco's claim that the defendants misrepresented material aspects of his complaint is also availing, for he fails to indicate how the alleged misrepresentation contributed to the dismissal of the complaint. We find no basis for concluding that the district court abused its discretion in denying Lanfranco's motion pursuant to Rule 60(b).
 
 
 12
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.